[Cite as *Bradley v. Ohio Dept. of Transp.*, 2014-Ohio-3205.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Laura M. Bradley,                           :

      Plaintiff-Appellant,           :          No. 13AP-918
                                                      (C.P.C. No. 10CV-12275)
v.                                          :

                                                        (REGULAR CALENDAR)
Ohio Department of Transportation et al., :

      Defendants-Appellees.          :

_____

D E C I S I O N

Rendered on July 22, 2014

_____

*James C. Ayers Law Office* and *James C. Ayers, Sr.*;
*Larrimer & Larrimer LLC,* and *John Larrimer*, for appellant.

*Isaac Wiles Burkholder & Teetor, LLC,* and *Robert C. Perryman*, for appellee Ohio Department of Transportation.

_____

APPEAL from the Franklin County Court of Common Pleas

DORRIAN, J.

{¶ 1}  Plaintiff-appellant, Laura M. Bradley ("appellant"), appeals from the October 1, 2013 judgment of the Franklin County Court of Common Pleas granting summary judgment in favor of defendants-appellees, Ohio Department of Transportation ("ODOT") and Marsha P. Ryan, Administator of the Bureau of Workers' Compensation ("BWC"). For the following reasons, we affirm the judgment of the trial court.

I.  Facts and Procedural History

{¶ 2}  On March 10, 2005, appellant injured her right ankle during the course of and arising out of her employment with ODOT. Appellant filed a claim with BWC for benefits and compensation; BWC allowed her claim for the sprain of her right ankle.

{¶ 3} Appellant subsequently filed a motion with BWC for an additional allowance for a claim for reflex sympathetic dystrophy ("RSD")[1] of the right foot. The district hearing officer granted appellant's motion, finding the additional medical condition to be causally related to her March 10, 2005 injury. ODOT appealed the district hearing officer's order. Upon review, the staff hearing officer also allowed the claim for RSD. ODOT appealed the staff hearing officer's order, but the Industrial Commission refused to hear the appeal.

{¶ 4} On July 22, 2009, ODOT filed a notice of appeal with the Franklin County Court of Common Pleas pursuant to R.C. 4123.512(A), challenging appellant's right to participate in the workers' compensation fund for the RSD claim. Appellant filed a complaint regarding the RSD claim. The trial court consolidated the actions. Following a bench trial, on March 9, 2011, the court found that appellant did not establish that she has RSD and, consequently, did not have a right to participate in the workers' compensation fund for RSD. The court reflected its findings in a judgment entry on April 8, 2011. On February 7, 2012, we affirmed the April 8, 2011 judgment of the Franklin County Court of Common Pleas. *Bradley v. Ohio Dept. of Transp.*, 10th Dist. No. 11AP-409, 2012-Ohio-451, ¶ 2.

{¶ 5} During the pendency of the RSD-related case, appellant in October 2007 filed a motion with BWC for an additional allowance for major depressive disorder, single episode, related to the March 10, 2005 injury. The district hearing officer granted appellant's motion. ODOT appealed the additional allowance for major depressive disorder. Following a hearing, the district hearing officer on March 11, 2008 terminated appellant's temporary total disability compensation, finding that she had reached "maximum medical improvement." The hearing officer found that appellant "has met her burden of establishing that she has sustained the requested additional allowance of major depressive disorder, single episode, as flow-through from her injury of 3/10/2005" and that appellant "testified compellingly of the effect that her industrial injury, most specifically the reflex sympathetic dystrophy of the right foot, has had on her life and

---

[1] Although irrelevant to our determination, we note the condition formerly known as RSD is now commonly referred to as "complex regional pain syndrome type I." *See Bradley v. Ohio Dept. of Transp.*, 10th Dist. No. 11AP-409, 2012-Ohio-451, ¶ 7, 36.

activities of daily living." (Complaint, exhibit B.) ODOT appealed the March 11, 2008 district hearing officer's order. Following a hearing on April 28, 2008, the staff hearing officer affirmed the order of the district hearing officer terminating appellant's temporary total disability compensation and granting the additional allowance for major depressive disorder. ODOT appealed the staff hearing officer's order, but the Industrial Commission refused to hear the appeal.

{¶ 6} ODOT subsequently filed, pursuant to R.C. 4123.512(A), a notice of appeal with the trial court, challenging appellant's right to participate in the workers' compensation fund for the claim for major depressive disorder, single episode. Following dismissal without prejudice pursuant to Civ.R. 41, appellant on August 19, 2010 filed in the Franklin County Court of Common Pleas a complaint seeking the right to participate in the workers' compensation fund for the condition of major depressive disorder, single episode. ODOT filed an answer generally denying that appellant suffered from the condition of major depressive disorder, RSD, or any other work injuries or conditions as a result of the March 10, 2005 injury.

{¶ 7} On July 23, 2013, ODOT filed a motion for summary judgment. On August 14, 2013, appellant filed a memorandum contra ODOT's motion for summary judgment. ODOT filed on August 21, 2013 a motion to strike appellant's memorandum contra because it was not timely filed pursuant to Loc.R. 21.01 of the Court of Common Please of Franklin County, General Division. On September 9, 2013, the trial court granted ODOT's August 21, 2013 motion to strike, finding that appellant's memorandum contra failed to comply with Loc.R. 21.01. On October 1, 2013, the trial court granted ODOT's motion for summary judgment.

## II. Assignments of Error

{¶ 8} Appellant timely appeals, assigning the following three errors:

> I. The trial Court committed error prejudicial to the Plaintiff-Appellant and abused its discretion when it considered and granted a summary judgment motion devoid of sworn testimony or acceptable evidence pursuant to Civ.R. 56(C).

> II. The trial Court committed error prejudicial to the Plaintiff-Appellant and abused its discretion when it determined, as the prime basis for its summary judgment, that Appellant has

RSD and that RSD is the proximate cause of her major depression when a prior common pleas court order, sustained by this Appellate Court, determined that Appellant does not have the condition of RSD thereby the trial Court's judgment order violates the physical facts rule.

III. The trial Court committed error prejudicial to the Plaintiff-Appellant and abused its discretion when it granted summary judgment to Defendant-Appellee when Plaintiff-Appellant had filed two affidavits and two depositions, prior to the hearing on the matter and pursuant to Civ.R. 56(C), setting forth sufficient facts to present a question of fact for the jury.

For ease of discussion, we consider appellant's assignments of error out of order.

**B. Third Assignment of Error—No Genuine Issue of Material Fact Remained**

{¶ 9} In her third assignment of error, appellant asserts that the trial court erred in granting summary judgment because a genuine issue of material fact remained for the jury. In support of this assertion, appellant contends the trial court failed to consider evidentiary materials filed by appellant prior to the hearing, pursuant to Civ.R. 56(C). ODOT responds that the trial court did not err because it properly struck appellant's evidence pursuant to Civ.R. 56(C) and Loc.R. 21.01.

{¶ 10} An appellate court reviews summary judgment under a de novo standard. *Coventry Twp. v. Ecker*, 101 Ohio App.3d 38, 41 (9th Dist.1995); *Koos v. Cent. Ohio Cellular, Inc.*, 94 Ohio App.3d 579, 588 (8th Dist.1994). Summary judgment is appropriate only when the moving party demonstrates: (1) no genuine issue of material fact exists; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds could come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence most strongly construed in its favor. Civ.R. 56(C); *State ex rel. Grady v. State Emp. Relations Bd.*, 78 Ohio St.3d 181, 183 (1997).

{¶ 11} Pursuant to Civ.R. 56(C), the moving party bears the initial burden of informing the trial court of the basis for the motion and of identifying those portions of the record demonstrating the absence of a material fact. *Dresher v. Burt*, 75 Ohio St.3d

280, 293 (1996). If the moving party fails to satisfy its initial burden, the court must deny the motion for summary judgment; however, if the moving party satisfies its initial burden, summary judgment is appropriate unless the nonmoving party responds, by affidavit or as otherwise provided under Civ.R. 56, with specific facts demonstrating a genuine issue exists for trial. *Id.*; *Hall v. Ohio State Univ. College of Humanities*, 10th Dist. No. 11AP-1068, 2012-Ohio-5036, ¶ 12, citing *Henkle v. Henkle*, 75 Ohio App.3d 732, 735 (12th Dist.1991).

{¶ 12} First, we must consider whether ODOT met its initial burden of identifying those portions of the record demonstrating the absence of a material fact. In its motion, ODOT argued that appellant's claim for depression did not stem from her March 10, 2005 injury and, therefore, was not a compensable injury for purposes of participating in the workers' compensation fund. Further, ODOT argued that, insofar as appellant's claim for depression stemmed from her RSD, it was not a compensable claim since appellant's claim for RSD was disallowed.

{¶ 13} R.C. 4123.01(C) defines the term "injury" for purposes of Ohio's workers' compensation law.  At the time appellant suffered her injury, R.C. 4123.01(C) as amended in 1986 provided that an " '[i]njury' includes any injury, whether caused by external accidental means or accidental in character and result, received in the course of, and arising out of, the injured employee's employment," but does not include "[p]sychiatric conditions except where the conditions have arisen from an injury or occupational disease." *See McCrone v. Bank One Corp.*, 107 Ohio St.3d 272, 2005-Ohio-6505, ¶ 13-17; *Armstrong v. John R. Jurgensen Co.*, 136 Ohio St.3d 58, 63, 2013-Ohio-2237, ¶ 19-25. Thus, appellant's claim for major depression must stem from an injury arising out of the course of her employment. As appellant's claim for RSD was disallowed, appellant's claim for major depression must arise out of her March 10, 2005 injury.

{¶ 14} To support its contentions, ODOT pointed to deposition testimony, including appellant's own deposition, along with other evidentiary materials timely filed with the trial court. In her deposition, appellant identified personal trauma associated with RSD as a source of depression and anxiety following her March 10, 2005 injury. ODOT also provided a letter from a physician who performed a 90-minute psychiatric evaluation upon the appellant and found that appellant does not suffer from major

depressive disorder as a result of her March 10, 2005 injury. Finally, ODOT submitted a record of a comprehensive psychological examination conducted by a licensed psychologist which found that there was "clearly insufficient evidence to diagnose major depressive disorder, single episode." (Feb. 21, 2008 Comprehensive Psychological Examination, 17.) Based upon our independent review of the record, we find that ODOT met its initial burden of identifying those portions of the record demonstrating an absence of material fact regarding whether appellant's claim for depression arose from her March 10, 2005 injury.

{¶ 15} Next we consider whether appellant responded, by affidavit or as otherwise provided under Civ.R. 56, with specific facts demonstrating a genuine issue remained for trial. Here, appellant filed her response 22 days after service of the motion for summary judgment. Appellant contends that, although she did not timely file her memorandum contra, the trial court should nonetheless have considered the affidavits attached to the memorandum since they were submitted prior to the non-oral hearing.

{¶ 16} Civ.R. 56(C) provides that "[t]he adverse party, prior to the day of hearing, may serve and file opposing affidavits" and "[n]o evidence or stipulation may be considered except as stated in this rule." "The 'hearing' contemplated by Civ.R. 56(C) may be either a formal, oral hearing * * * or a 'nonoral,' informal one." *Hooten v. Safe Auto Ins. Co.*, 100 Ohio St.3d 8, 2003-Ohio-4829, ¶ 14. "A trial court need not notify the parties of a non-oral hearing date, i.e., the date on which a motion for summary judgment is submitted for consideration, if a local rule of court provides sufficient notice of that date." *Wiltz v. Clark Schaefer Hackett & Co.*, 10th Dist. No. 11AP-64, 2011-Ohio-5616, ¶ 17, citing *Hooten* at syllabus.

{¶ 17} Loc.R. 21.01 provides in pertinent part:

> All motions shall be accompanied by a brief stating the grounds and citing the authorities relied upon. The opposing counsel or a party shall serve any answer brief on or before the 14th day after the date of service as set forth on the certificate of service attached to the served copy of the motion. The moving party shall serve any reply brief on or before the 7th day after the date of service as set forth on the certificate of service attached to the served copy of the answer brief. On the 28th day after the motion is filed, the motion shall be deemed submitted to the Trial Judge. Oral hearings on motions are

> not permitted except upon leave of the Trial Judge upon written request by a party. The time and length of any oral hearing shall be fixed by the Trial Judge. Except as otherwise provided, this Rule shall apply to all motions.

Loc R. 57.02 provides as follows:

> All affidavits, depositions, and other evidentiary material permitted by Civ. R. 56(C) in support of or in opposition to the motion for summary judgment shall be filed with the motion or responsive pleading. This section does not extend the time limits for filing a brief in opposition or a reply brief as provided in Loc. R. 21.01.

Thus, the rules provide a party 14 days to file a brief in opposition to a motion, including filing of all evidentiary materials in support of the responsive pleading. The rules also provide that, absent a written motion for an oral hearing, a non-oral hearing takes place on the 28th day after the filing of the motion.

{¶ 18} Here, regardless of whether Civ.R. 56(C) would have required consideration of the affidavits had appellant separately filed them prior to the date of the non-oral hearing, the trial court properly struck appellant's memorandum contra, including the attached affidavits, for failing to comply with Loc.R. 21.01. Pursuant to *Hooten*, Loc.R. 21.01 provided appellant with notice of the deadlines for filing responsive pleadings and evidentiary materials. *Id.* at ¶ 33 ("[A] local rule of court may notify parties of a summary judgment hearing or of deadlines for submission of memoranda and Civ.R. 56 materials."). Appellant did not seek leave to file an untimely response pursuant to Civ.R. 56(F), demonstrate good cause for untimely filing the response or respond to the motion to strike. In light of appellant's failure to comply with local rules or even to object to the motion to strike, we cannot find that the trial court failed to afford appellant procedural due process by striking her untimely filed memorandum contra and attached evidentiary materials. *See Hooten* at ¶ 34; *TPI Asset Mgt., L.L.C. v. McGregor*, 10th Dist. No. 10AP-368, 2011-Ohio-4052, ¶ 16, quoting *Dedie v. FYDA Truck & Equip.*, 7th Dist. No. 96 C.A. 222 (Dec. 9, 1999) (" 'The essence of procedural due process is the right to receive reasonable notice and a reasonable opportunity to be heard.' "); *O'Brien v. Sutherland Bldg. Prods., Inc.*, 10th Dist. No. 93AP-948 (Mar. 24, 1994) (finding it was not error for

trial court to rule on defendant's motion for summary judgment without considering plaintiffs' untimely filed request for an extension or memorandum contra).

{¶ 19} By failing to respond to ODOT's motion for summary judgment, appellant did not demonstrate where a genuine issue of material fact remained in the record. Civ.R. 56(E). *See Hoyt v. Nationwide Mut. Ins. Co.*, 10th Dist. No. 04AP-941, 2005-Ohio-6367, ¶ 23 ("When a properly supported motion for summary judgment is made, an adverse party may not rest on mere allegations or denials in the pleading, but must respond with specific facts showing that there is a genuine issue of material fact."); *Riley v. Montgomery*, 11 Ohio St.3d 75, 79 (1984). Because ODOT satisfied its initial burden and appellant failed to meet her reciprocal burden, we find the trial court did not err in granting summary judgment to ODOT. *Dresher* at 293; *Hall* at ¶ 12.

{¶ 20} Accordingly, we overrule appellant's third assignment of error.

**B. First Assignment of Error—Appellant Waived Objections to Evidence in Support of Motion for Summary Judgment**

{¶ 21} In her first assignment of error, appellant asserts it was error to grant summary judgment based upon the evidentiary materials submitted by ODOT in its motion for summary judgment because ODOT's materials fail to comply with Civ.R. 56(C). However, as appellant failed to timely file a responsive pleading with the trial court, she cannot now upon appeal object to the introduction of evidence in support of the motion for summary judgment. *Timberlake v. Jennings*, 10th Dist. No. 04AP-462, 2005-Ohio-2634, ¶ 14 ("If a party does not object in the trial court to the introduction of evidence submitted in support of, or in opposition to, a motion for summary judgment, that party waives any error and, thus, cannot raise such error on appeal."); *Churchwell v. Red Roof Inns, Inc.*, 10th Dist. No. 97APE08-1125 (Mar. 24, 1998) ("Failure to move to strike or otherwise object to documentary evidence submitted by a party in support of, or in opposition to, a motion for summary judgment, waives any error in considering that evidence under Civ.R. 56(C)."); *Haas v. Indus. Comm.*, 10th Dist. No. 99AP-475 (Dec. 21, 1999) ("[B]ecause appellant failed to file any response to appellee's motion for summary judgment in the trial court, any arguments that could have been raised at that time should be considered waived upon appeal to this court."). Therefore, we will not consider

appellant's objections to the acceptability of evidence supporting ODOT's motion for summary judgment for the first time on appeal.[2]

{¶ 22} Accordingly, we overrule appellant's first assignment of error.

### C. Second Assignment of Error

{¶ 23} In her second assignment of error, appellant asserts it was error for the trial court to grant summary judgment in violation of the physical-facts rule. In support of this argument, appellant contends that the trial court determined that appellant has RSD and that RSD is the proximate cause of her major depression, despite a previous determination that appellant does not have RSD.

{¶ 24} Under the physical-facts rule, "neither a court nor jury can give probative value to any testimony positively contradicted by the physical facts." *Ellinger v. Ho*, 10th Dist. No. 08AP-1079, 2010-Ohio-553, ¶ 75, citing *McDonald v. Ford Motor Co.*, 42 Ohio St.2d 8, 12 (1975). Contrary to appellant's contentions, the trial court in this case did not determine that appellant has RSD. Rather, the trial court found that the allowance for a major depressive disorder, single episode, was predicated on the existence of appellant's RSD and that there was "no evidence in the record to link her psychological claim to the allowed claim for a sprained ankle." (Oct. 1, 2013 Trial Court Decision, 4.) As appellant's claim for RSD was previously disallowed, and appellant failed to rebut appellees' evidence that her psychological claim did not arise from her March 10, 2005 injury, appellant no longer had a compensable physical injury on which to base her claim for depression. *McCrone* at ¶ 16. Thus, the trial court's judgment order is not "positively contradicted by the physical facts," and, therefore, it was not error to grant summary judgment. *Ellinger* at ¶ 75.

{¶ 25} Accordingly, we overrule appellant's second assignment of error.

---

[2] We note ODOT's argument in its brief that the reports of the medical examinations submitted in support of summary judgment qualify under Evid.R. 803(6) as an exception to the hearsay rule because they were business records kept in the normal course of business activity. We decline to address this contention further as it is not dispositive for purposes of the present appeal, and ODOT's counsel conceded such point at oral argument. *See Jefferson v. CareWorks of Ohio, Ltd.*, 193 Ohio App.3d 615, 2011-Ohio-1940, ¶ 9-13 (10th Dist.).

## III.  Disposition

{¶ 26} Having overruled appellant's three assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

KLATT and O'GRADY, JJ., concur.

————————————