[Cite as *Briscoe v. U.S. Restoration & Remodeling, Inc.*, 2015-Ohio-3567.]

## THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Samuel Lee Brisco, Jr. et al., | : | |
| Plaintiffs-Appellees, | : | No. 14AP-533 |
| | | (C.P.C. No. 12CV-2577) |
| v. | : | |
| U.S. Restoration & Remodeling, Inc. et al., | : | (REGULAR CALENDAR) |
| | : | |
| Defendants-Appellants. | : | |
| | : | |
| Samuel Lee Brisco, Jr. et al., | : | |
| Plaintiffs-Appellants, | : | No. 14AP-543 |
| | | (C.P.C. No. 12CV-2577) |
| v. | : | |
| U.S. Restoration & Remodeling, Inc. et al., | : | (REGULAR CALENDAR) |
| | : | |
| Defendants-Appellees. | : | |
| | : | |

# D E C I S I O N

### Rendered on September 1, 2015

*Kevin O'Brien & Associates Co., L.P.A., Kevin J. O'Brien* and *Jeffrey A. Catri*, for plaintiffs.

*Tyack, Blackmore, Liston & Nigh Co., LPA, James P. Tyack* and *Ryan L. Thomas*, for defendants.

APPEALS from the Franklin County Court of Common Pleas

DORRIAN, J.

{¶ 1}  In these consolidated appeals, plaintiffs, Samuel Lee Brisco, Jr. and Ruth A. Brisco ("plaintiffs"), appeal the July 26, 2013 judgment of the Franklin County Court of

Common Pleas striking their memorandum contra and granting summary judgment in favor of defendants, U.S. Restoration and Remodeling, Inc. ("USR&R"), Joshua Kanode, Daniel L. Sechreist, and Karen T. Chumley ("defendants") (case No. 14AP-543). Plaintiffs also appeal from the trial court's January 15, 2014 decision denying plaintiffs' motion to reconsider. Defendants appeal from the February 20, 2014 judgment of the trial court denying both parties' motions for sanctions (case No. 14AP-533). For the reasons that follow, we affirm in part and reverse in part the judgment of the trial court.

## I. Facts and Procedural History

{¶ 2}   At some point in the spring of 2010, plaintiffs' roof sustained damage. Mr. Sechrist, an employee of defendants, made contact with Mr. Brisco at plaintiffs' home and inquired regarding the damage to their roof. Defendants presented Mr. Brisco with two documents, which he signed. Defendants contacted plaintiffs' home insurance company, which sent an adjustor to the home. The adjustor assessed the damage and provided plaintiffs a payment from their insurance company to repair the damage. Plaintiffs subsequently contracted with another company to replace their roof.

{¶ 3}   On February 26, 2012, plaintiffs filed a complaint against defendants asserting four causes of action: (1) violation of the Ohio Home Solicitation Sales Act under R.C. 1345.23, (2) violation of the Ohio Consumer Sales Practices Act under R.C. 1345.02 and 1345.03, (3) fraud, and (4) slander of title. Plaintiffs alleged that defendants never performed work that they were contracted to perform but filed a mechanics lien on plaintiffs' home. On March 13, 2012, defendants filed a motion to dismiss plaintiffs' third and fourth causes of action in their complaint. On April 20, 2012, plaintiffs filed an amended complaint. On April 24, 2012, the trial court filed a decision granting defendants' motion to dismiss as to plaintiffs' claim for slander of title, but denying the motion as to the claim for fraud. On May 1, 2012, the trial court filed a judgment entry reflecting its April 24, 2012 decision.

{¶ 4}   On June 11, 2012, defendants filed an answer to plaintiffs' first amended complaint. On June 20, 2012, defendants filed an amended answer and counterclaim. On September 17, 2012, defendants filed a motion to compel discovery and to grant sanctions. On December 19, 2012, the trial court filed a judgment entry denying in part and granting in part defendants' motion to compel discovery and impose sanctions, requiring plaintiffs

to provide discovery and denying the request for sanctions. On December 21, 2012, defendants filed a motion for reconsideration of the trial court's December 19, 2012 decision. On January 30, 2013, the trial court denied defendants' motion for reconsideration.

{¶ 5}    On May 10, 2013, defendants filed a motion for default judgment on their June 20, 2012 counterclaim. On the same day, defendants filed a motion for summary judgment on plaintiffs' complaint. On May 24, 2013, plaintiffs filed a motion for an extension of time until June 7, 2013 to file a memorandum contra to defendants' motion for summary judgment. Also on May 24, 2013, plaintiffs filed a motion for leave to file an answer to defendants' counterclaim. The trial court granted both of plaintiffs' May 24, 2013 motions on the same day, granting leave to file until June 7, 2013.

{¶ 6}    On July 9, 2013, plaintiffs filed a memorandum contra to defendants' motion for summary judgment. On July 11, 2013, defendants filed a motion to strike plaintiffs' July 9, 2013 memorandum contra. On July 26, 2013, the trial court filed a decision and judgment entry granting defendants' motion to strike plaintiffs' memorandum contra and granting summary judgment in favor of defendants on plaintiffs' complaint.

{¶ 7}    On August 20, 2013, defendants filed a motion for sanctions, pursuant to R.C. 2323.51, asserting that plaintiffs' counsel participated in frivolous conduct. On August 28, 2013, plaintiffs filed a motion for reconsideration of the trial court's July 26, 2013 decision. On January 15, 2014, the trial court filed a decision and judgment entry denying plaintiffs' motion for reconsideration. On January 24, 2014, plaintiffs filed a memorandum contra defendants' August 20, 2013 motion for sanctions and a motion for sanctions, pursuant to R.C. 2323.51, against defendants for frivolous conduct. On February 20, 2014, the trial court filed a decision and judgment entry denying both plaintiffs' and defendants' motions for sanctions. On February 27, 2014, defendants filed a motion for reconsideration of the court's February 20, 2014 decision. On March 17, 2014, the trial court denied defendants' motion for reconsideration.

II. Assignments of Error

{¶ 8}    In case No. 14AP-543, plaintiffs appealed, assigning the following two errors for our review:

I. THE TRIAL COURT ERRED IN STRIKING THE PLAINTIFFS-APPELLANTS' MEMO CONTRA DEFEND-ANTS-APPELLEE'S MOTION FOR SUMMARY JUDGMENT FILED ON JULY 9, 2013, AND IN SUSTAINING THE DEFENDANTS-APPELLEES' MOTION FOR SUMMARY JUDGMENT.

II. EVEN IF THE TRIAL COURT PROPERLY SUSTAINED THE DEFENDANTS-APPELLEES' MOTION TO STRIKE AND PROPERLY OVERRULED THE PLAINTIFFS-APPELLANTS' MOTION FOR RECONSIDERATION, THE TRIAL COURT NEVERTHELESS ERRED IN GRANTING THE DEFENDANTS-APPELLEES' MOTION FOR SUM-MARY JUDGMENT BECAUSE GENUINE ISSUES OF FACT REMAIN IN THIS CASE.

{¶ 9} In case No. 14AP-533, defendants appealed, assigning the following six assignments of error:

I. THE TRIAL COURT'S FACTUAL DETERMINATION THAT PLAINTIFFS' COUNSEL DID NOT ENGAGE IN FRIVOLOUS CONDUCT AND SANCTIONS WERE NOT APPROPRIATE WAS NOT SUPPORTED BY COMPETENT, CREDIBLE EVIDENCE AND WAS AN ABUSE OF DISCRETION.

II. THE TRIAL COURT'S LEGAL DETERMINATION THAT PLAINTIFFS' COUNSEL DID NOT ENGAGE IN FRIVOLOUS CONDUCT AS A MATTER OF LAW PURSUANT TO R.C. § 2323.51(A)(2)(a)(iii) BY ALLEGING HOME SOLICITA-TION SALES ACT VIOLATIONS WAS AN ABUSE OF DISCRETION REQUIRING A DE NOVO REVIEW BY THIS COURT.

III. THE TRIAL COURT'S LEGAL DETERMINATION THAT PLAINTIFFS' COUNSEL DID NOT ENGAGE IN FRIVOLOUS CONDUCT AS A MATTER OF LAW PURSUANT TO R.C. § 2323.51(A)(2)(a)(iii) BY ALLEGING CONSUMER SALES PRACTICES ACT VIOLATIONS WAS AN ABUSE OF DISCRETION REQUIRING A DE NOVO REVIEW BY THIS COURT.

IV. THE TRIAL COURT'S LEGAL DETERMINATION THAT PLAINTIFFS' COUNSEL DID NOT ENGAGE IN FRIVOLOUS CONDUCT AS A MATTER OF LAW PURSUANT TO R.C. § 2323.51(A)(2)(a)(iii) BY SETTING FORTH A FRAUD

CLAIM WAS AN ABUSE OF DISCRETION REQUIRING A DE NOVO REVIEW BY THIS COURT.

V. THE TRIAL COURT'S LEGAL DETERMINATION THAT PLAINTIFFS' COUNSEL DID NOT ENGAGE IN FRIVOLOUS CONDUCT AS A MATTER OF LAW PURSUANT TO R.C. § 2323.51(A)(2)(a)(ii) BY INITIATING AND MAINTAINING A SLANDER OF TITLE CLAIM WAS AN ABUSE OF DISCRETION REQUIRING A DE NOVO REVIEW BY THIS COURT.

VI. THE TRIAL COURT'S LEGAL DETERMINATION THAT PLAINTIFFS' COUNSEL DID NOT ENGAGE IN FRIVOLOUS CONDUCT AS A MATTER OF LAW PURSUAUNT TO R.C. § 2323.51(A)(2)(a)(i) & (ii) BY INITIATING AND MAIN-TAINING THE LAWSUIT AGAINST THE INDIVIDUAL EMPLOYEES OF USR&R WAS AN ABUSE OF DISCRETION REQUIRING A DE NOVO REVIEW BY THIS COURT.

We first address plaintiffs' assignments of error.

### III. Plaintiffs' First Assignment of Error

{¶ 10} In their first assignment of error, plaintiffs assert that the trial court erred by striking their July 9, 2013 memorandum contra to defendants' motion for summary judgment and in sustaining defendants' motion for summary judgment.

{¶ 11} It is well-established that "trial courts have inherent power to manage their own dockets." *State ex rel. Charvat v. Frye*, 114 Ohio St.3d 76, 2007-Ohio-2882, ¶ 23. "Absent an abuse of discretion, a trial court's decision to grant a motion to strike will not be overturned on appeal." *Embry v. Bur. of Workers' Comp.*, 10th Dist. No. 04AP-1374, 2005-Ohio-7021, ¶ 12. *See also Cromartie v. Goolsby*, 8th Dist. No. 93438, 2010-Ohio-2604, ¶ 18, citing *Weller v. Weller*, 115 Ohio App.3d 173 (6th Dist.1996) ("Whether to grant or deny a motion to extend a court-ordered deadline or a motion to strike an untimely filed motion is a decision committed to the trial court's sound discretion."); *Cashlink, L.L.C. v. Mosin, Inc.*, 10th Dist. No. 12AP-395, 2012-Ohio-5906, ¶ 9. " '[A]buse of discretion' connotes more than an error of law or judgment; it implies that the trial court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 12} Loc.R. 21.01 of the Franklin County Court of Common Pleas provides as follows:

> All motions shall be accompanied by a brief stating the grounds and citing the authorities relied upon. The opposing counsel or a party shall serve any answer brief on or before the 14th day after the date of service as set forth on the certificate of service attached to the served copy of the motion. The moving party shall serve any reply brief on or before the 7th day after the date of service as set forth on the certificate of service attached to the served copy of the answer brief. On the 28th day after the motion is filed, the motion shall be deemed submitted to the Trial Judge. Oral hearings on motions are not permitted except upon leave of the Trial Judge upon written request by a party. The time and length of any oral hearing shall be fixed by the Trial Judge. Except as otherwise provided, this Rule shall apply to all motions.

Loc.R. 57.02 provides as follows:

> All affidavits, depositions, and other evidentiary material permitted by Civ. R. 56(C) in support of or in opposition to the motion for summary judgment shall be filed with the motion or responsive pleading. This section does not extend the time limits for filing a brief in opposition or a reply brief as provided in Loc. R. 21.01.

Thus, the rules provide a party 14 days to file a brief in opposition to a motion, including filing all evidentiary materials in support of the responsive pleading. *See Bradley v. Ohio Dept. of Transp.*, 10th Dist. No. 13AP-918, 2014-Ohio-3205, ¶ 17.

{¶ 13} Here, defendants filed their motion for summary judgment on May 10, 2013. Plaintiffs sought and received leave to file an untimely response on or before June 7, 2013. Despite receiving an extension of time to file two weeks after the time limit required by Loc.R. 21.01, the record reflects that plaintiffs did not file their memorandum contra until July 9, 2013, approximately one month after the extended deadline, without seeking additional leave of court. Plaintiffs assert that they did timely file their response on June 7, 2013, but claim that the clerk of courts erroneously did not document their filing.

{¶ 14} Regardless of the truth of plaintiffs' assertion, it was the responsibility of plaintiffs or their counsel to ensure that the electronic filing of their response was successful, a responsibility that plaintiffs' counsel acknowledges. *See Essi Acoustical*

*Prods. Co. v. Friedman*, 8th Dist. No. 65477 (May 19, 1994) ("Parties or their attorneys are expected to keep themselves apprised of the progress of their case."); *Carpenter v. Gibson*, 10th Dist. No. 98AP-1327 (July 15, 1999). Although plaintiffs claim that the trial court's staff attorney told them to refile their response electronically once plaintiffs discovered that the docket did not reflect the filing of their memorandum contra, plaintiffs did not file for leave from the court to do so. Moreover, plaintiffs were clearly aware of the need to seek the court's leave to file a response outside of the rule since they had already sought leave to untimely file their memorandum contra.

{¶ 15} As plaintiffs did not file an affidavit demonstrating good cause for their untimely filing or respond to the motion to strike, we cannot find that the trial court abused its discretion by striking plaintiffs' response, which was filed without leave of the court after the extended period of time previously granted for filing. *Bradley* at ¶ 18 (finding that trial court did not err by striking untimely memorandum contra and attached evidentiary materials where appellant "fail[ed] to comply with local rules or even to object to the motion to strike"); *O'Brien v. Sutherland Bldg. Prods., Inc.*, 10th Dist. No. 93AP-948 (Mar. 24, 1994) (finding it was not error for trial court to rule on the defendant's motion for summary judgment without considering the plaintiffs' untimely filed request for an extension or memorandum contra).

{¶ 16} Plaintiffs state that the trial court's decision to grant the motion to strike is at odds with the trial court's statement in its January 15, 2014 decision and entry denying plaintiffs' motion for reconsideration that, "[d]espite granting Defendants' Motion to Strike Plaintiffs' Memorandum Contra, the Court did consider its merits before ruling on Defendants' Motion for Summary Judgment." (Jan. 15, 2014 Decision, 3.) Although the trial court's statement that it considered stricken materials is puzzling, having found that the trial court did not abuse its discretion by granting the motion to strike, we cannot agree with plaintiffs that the trial court's consideration of stricken materials supports the claim that the granting of the motion to strike was in error.

{¶ 17} Accordingly, we overrule plaintiffs' first assignment of error.

**IV. Plaintiffs' Second Assignment of Error**

{¶ 18} In their second assignment of error, plaintiffs assert that, even if the trial court did not err by striking their memorandum contra, the trial court nevertheless erred

by granting summary judgment in favor of defendants since genuine issues of material fact remain to be determined.

{¶ 19} An appellate court reviews summary judgment under a de novo standard. *Coventry Twp. v. Ecker*, 101 Ohio App.3d 38, 41 (9th Dist.1995); *Koos v. Cent. Ohio Cellular, Inc.*, 94 Ohio App.3d 579, 588 (8th Dist.1994). Summary judgment is appropriate only when the moving party demonstrates: (1) no genuine issue of material fact exists; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds could come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence most strongly construed in its favor. Civ.R. 56(C); *State ex rel. Grady v. State Emp. Relations Bd.*, 78 Ohio St.3d 181, 183 (1997).

{¶ 20} Pursuant to Civ.R. 56(C), the moving party bears the initial burden of informing the trial court of the basis for the motion and of identifying those portions of the record demonstrating the absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). If the moving party fails to satisfy its initial burden, the court must deny the motion for summary judgment; however, if the moving party satisfies its initial burden, summary judgment is appropriate unless the nonmoving party responds, by affidavit or otherwise as provided under Civ.R. 56, with specific facts demonstrating a genuine issue exists for trial. *Id.*; *Hall v. Ohio State Univ. College of Humanities*, 10th Dist. No. 11AP-1068, 2012-Ohio-5036, ¶ 12, citing *Henkle v. Henkle*, 75 Ohio App.3d 732, 735 (12th Dist.1991).

{¶ 21} In this case, the trial court granted summary judgment in favor of defendants on plaintiffs' three claims: (1) violation of the Ohio Home Solicitation Sales Act, (2) violation of the Ohio Consumer Sales Practices Act, and (3) fraud.[1] We therefore begin by examining whether defendants, as the moving party, met their burden of identifying those portions of the record demonstrating the absence of a genuine issue of material fact on each of plaintiffs' three claims. We note that plaintiffs have raised new issues in their brief on appeal that were not raised in the complaint or considered by the trial court. As plaintiffs failed to raise such issues before the trial court, we cannot now

---

[1] We note that plaintiffs do not appeal the granting of summary judgment on their claim for slander of title. Therefore, we will not address the same.

consider them for the first time on appeal. *Hamilton v. Dayton Corr. Inst.*, 10th Dist. No. 06AP-469, 2007-Ohio-13, ¶ 8 ("It is well-established that an appellant may not assert a new theory for the first time before an appellate court."); *Barker v. Century Ins. Group*, 10th Dist. No. 06AP-377, 2007-Ohio-2729 (finding "plaintiff cannot now change the theory of his case and present new arguments for the first time on appeal"); *Lanham v. Franklin Twp.*, 12th Dist. No. CA2002-07-052, 2003-Ohio-2222, ¶ 13 (finding that the plaintiffs could not pursue a breach of contract claim on appeal since no such claim was raised in their complaint).

{¶ 22} First, plaintiffs asserted a claim for violation of the Ohio Home Solicitation Sales Act under R.C. 1345.21 et seq. Specifically, plaintiffs asserted that defendants failed to provide plaintiffs with a "Notice of Cancellation" as required by R.C. 1345.23(B)(2) and failed to provide notice of the date by which plaintiffs could cancel and the name and address where plaintiffs were to send their notice of cancellation as required by R.C. 1345.23(B)(2) and (3).

{¶ 23} In support of their motion for summary judgment, defendants attached as an exhibit to their motion a copy of a document labeled "NOTICE OF CANCELLATION" that contained defendants' address at their place of business and a date for the cancellation to be effective. (Exhibit E.[2]) Mr. Brisco's signature appears on the document, and he testified in his deposition that it was his signature. Based upon our review of the record, we conclude that defendants met their initial burden of identifying an absence of a genuine issue of material fact as to plaintiffs' claim under the Ohio Home Solicitation Sales Act.[3]

{¶ 24} Second, plaintiffs asserted a claim for violation of the Ohio Consumer Sales Practices Act under R.C. 1345.02 and 1345.03, alleging that defendants made

---

[2] Of the exhibits attached to defendants' motion for summary judgment, only Mr. Brisco's deposition appears to be evidence of the type contemplated by Civ.R. 56(C) since none of the other documents, including the "Notice of Cancellation" relied upon by the trial court, are authenticated. However, since no objection was filed to lack of authentication, the trial court had discretion to consider the unauthenticated documents when rendering summary judgment. *See Smith v. GuideOne Ins.*, 10th Dist. No. 02AP-1096, 2003-Ohio-4823, ¶ 15; *Stonehenge Condominium Assn. v. Davis*, 10th Dist. No. 04AP-1103, 2005-Ohio-4637, ¶ 17.

[3] We note that, although plaintiffs' complaint includes both Samuel Lee Brisco, Jr. and Ruth A. Brisco as complainants, the record reflects that Ruth Brisco had no communication with defendants and was not materially involved with any transactions between defendants and Samuel Lee Brisco, Jr. (S. Brisco Depo., 33.)

misrepresentations and committed a variety of unfair or deceptive consumer sales practices. In their motion for summary judgment, defendants responded to the individual allegations as they appeared in plaintiffs' amended complaint with reference to the deposition of Mr. Brisco, which was attached to the motion for summary judgment.

{¶ 25} In his deposition, Mr. Brisco stated that defendants did not "misrepresent anything" and specifically that they did not "misrepresent[] anything * * * regarding the goods or services that could be provided." (S. Brisco Depo., 33.) Next, in response to plaintiffs' claim that they failed to perform services in a competent, satisfactory, and workmanlike manner and failed or refused to correct substantial work or defects, defendants pointed to Mr. Brisco's deposition in which he stated that defendants did not perform any repairs to his house and that he had no complaints about the work that they in fact never began. Mr. Brisco further stated that, as defendants never performed any work on his roof, he did not expect any warranties and that defendants made no representations to him regarding warranties. Based upon our review of the record, we conclude that defendants met their burden as to plaintiffs' claim under the Ohio Consumer Sales Practices Act.

{¶ 26} Third, plaintiffs asserted a claim for fraud. As this court stated in *Morrow v. Reminger & Reminger Co., L.P.A.*, 183 Ohio App.3d 40, 2009-Ohio-2665 (10th Dist.):

> The elements of fraud are (a) a representation or, where there is a duty to disclose, concealment of a fact, (b) which is material to the transaction at hand, (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (d) with the intent of misleading another into relying upon it, (e) justifiable reliance upon the representation or concealment, and (f) a resulting injury proximately caused by the reliance.

*Id.* at ¶ 20, citing *Gaines v. Preterm-Cleveland, Inc.*, 33 Ohio St.3d 54, 55 (1987).

{¶ 27} Mr. Brisco stated that he believed that defendants misled him because he was unable to read the documents he signed, and he believed that he was only signing a document that permitted defendants to contact his insurance company. As stated in *Ed Schory & Sons, Inc. v. Soc. Natl. Bank*, 75 Ohio St.3d 433 (1996), generally, under Ohio law:

> "A person of ordinary mind cannot say that he was misled into signing a paper which was different from what he intended to sign when he could have known the truth by merely looking when he signed. * * * If this were permitted, contracts would not be worth the paper on which they are written. If a person can read and is not prevented from reading what he signs, he alone is responsible for his omission to read what he signs."

*Id.* at 441, quoting *Dice v. Akron, Canton & Youngstown RR. Co.*, 155 Ohio St. 185, 191 (1951). *See also Nesco Sales & Rental v. Superior Elec. Co.*, 10th Dist. No. 06AP-435, 2007-Ohio-844, ¶ 20-22.

{¶ 28} Importantly, Mr. Brisco does not allege that he informed defendants that he was unable to read the documents that he signed or that defendants were otherwise aware of his alleged inability to read the documents. Although he could not recall specifically whether or not he told defendants that he could not read the documents, he stated that he did not "normally tell anybody that I'm blind in my left eye." (Tr. 45.[4]) However, even if we considered that defendants misrepresented the nature of the documents that Mr. Brisco signed by taking advantage of his alleged blindness, defendants nevertheless demonstrated the absence of a genuine issue of material fact regarding plaintiffs' fraud claim.

{¶ 29} Specifically, defendants demonstrated that plaintiffs failed to allege that defendants made the alleged misrepresentations with the intent of misleading plaintiffs into relying upon them. In their amended complaint, plaintiffs alleged:

> 55. Defendants made the above representations with knowledge of their falsity, or with such utter disregard and recklessness as to whether such representations were true or false that knowledge may be inferred or with fraudulent intent and actual malice.
>
> 56. Plaintiffs reasonably relied on Defendants['] false statements of fact and signed a document Plaintiffs believed to be an authorization to contact Plaintiff's insurance company.

---

[4] Mr. Brisco stated that his wife was with him in the house when he signed the documents but that she was not in the same room when he met with defendants.

> 57. Defendants did not, in fact, replace Plaintiffs roof in accordance with the representations made to Plaintiffs.

(Amended Complaint, 10-11.) However, plaintiffs failed to allege that defendants made the alleged misrepresentations "with the intent of misleading another into relying upon it." *Morrow* at ¶ 20. Thus, we find that defendants met their initial burden of identifying the absence of a genuine issue of material fact as to plaintiffs' claim for fraud.

{¶ 30} Having determined that defendants met their initial burden of informing the trial court of the basis for the motion and identifying those portions of the record demonstrating the absence of a material fact, we need not consider the remainder of plaintiffs' arguments since, as determined above, the trial court properly struck plaintiffs' memorandum contra. Therefore, since plaintiffs failed to respond, by affidavit or as otherwise provided under Civ.R. 56, with specific facts demonstrating a genuine issue exists for trial, we conclude that summary judgment was properly granted.

{¶ 31} Accordingly, we overrule plaintiffs' second assignment of error.

## V. Defendants' Six Assignments of Error

{¶ 32} As all six of defendants' assignments of error are interrelated, we address them together. Defendants assert that the trial court erred by denying their motion for sanctions, pursuant to R.C. 2323.51, against plaintiffs for engaging in purportedly frivolous conduct by (1) alleging a violation of the Home Solicitation Sales Act, (2) alleging a violation of the Consumer Sales Practices Act, (3) setting forth a claim for fraud, (4) setting forth a claim for slander of title, and (5) for initiating claims against the individual employees of USR&R as named in the complaint.

{¶ 33} Pursuant to R.C. 2323.51(B)(1), a court may "award * * * court costs, reasonable attorney's fees, and other reasonable expenses incurred in connection with a civil action or appeal * * * to any party to the civil action or appeal who was adversely affected by frivolous conduct." "Conduct" encompasses "[t]he filing of a civil action, the assertion of a claim, defense, or other position in connection with a civil action, the filing of a pleading, motion, or other paper in a civil action, * * * or the taking of any other action in connection with a civil action." R.C. 2323.51(A)(1)(a).

{¶ 34} "Frivolous conduct" is defined as conduct that (1) "obviously serves merely to harass or maliciously injure another party to the civil action or appeal or is for another

improper purpose, including, but not limited to, causing unnecessary delay or a needless increase in the cost of litigation"; (2) "is not warranted under existing law, cannot be supported by a good faith argument for an extension, modification, or reversal of existing law, or cannot be supported by a good faith argument for the establishment of new law"; (3) "consists of allegations or other factual contentions that have no evidentiary support or, if specifically so identified, are not likely to have evidentiary support after a reasonable opportunity for further investigation or discovery"; or (4) "consists of denials or factual contentions that are not warranted by the evidence or, if specifically so identified, are not reasonable based on a lack of information or belief." R.C. 2323.51(A)(2)(a).

{¶ 35} When reviewing a claim under R.C. 2323.51, no single standard of review applies, and the inquiry is one of mixed questions of law and fact. *Judd v. Meszaros*, 10th Dist. No. 10AP-1189, 2011-Ohio-4983, ¶ 18, citing *Wiltberger v. Davis*, 110 Ohio App.3d 46, 51 (10th Dist.1996); *Dehlendorf v. Ritchey*, 10th Dist. No. 12AP-87, 2012-Ohio-5193, ¶ 25. First, review of a trial court's factual determinations is subject to deference and will not be disturbed where the record contains competent, credible evidence to support the trial court's findings. *Judd* at ¶ 18, citing *Wiltberger* at 52. Second, " '[a] determination that conduct is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law requires a legal analysis' " and is, therefore, subject to a de novo standard of review. *Judd* at ¶ 19, quoting *Stuller v. Price*, 10th Dist. No. 03AP-30, 2003-Ohio-6826, ¶ 14, citing *Wiltberger*. Finally, in cases where a trial court has found the existence of frivolous conduct, the decision to assess a penalty lies within the sound discretion of the trial court. *Judd* at ¶ 19; *Dehlendorf* at ¶ 25.

{¶ 36} Defendants did not specifically allege that the trial court erred (1) in not holding a hearing and (2) in not making findings of fact. Nevertheless, because the first assignment of error alleges that the determination was not supported by competent, credible evidence, we find it necessary to address the lack of a hearing and lack of findings.

{¶ 37} Neither R.C. 2323.51 nor Civ.R. 11 require a trial court to conduct a hearing before denying a motion for attorney fees. Rather, a trial court " ' "must schedule a hearing only on those motions which demonstrate arguable merit." ' " *Donaldson v. Todd*,

174 Ohio App.3d 117, 2007-Ohio-6504, ¶ 9 (10th Dist.), quoting *Ohio Dept. of Adm. Servs. v. Robert P. Madison Internatl., Inc.*, 138 Ohio App.3d 388, 399 (10th Dist.2000), quoting *Tosi v. Jones*, 115 Ohio App.3d 396, 401 (10th Dist.1996). *See also Cortext Ltd. v. Pride Media Ltd.*, 10th Dist. No. 02AP-1284, 2003-Ohio-5760, ¶ 13 ("The key to this court's analysis of the hearing requirement pursuant to R.C. 2323.51 is that the trial court may deny an oral hearing only to those motions which 'on their face reveal the lack of a triable issue.' "). Similarly, other appellate courts have found that it is reversible error for a trial court to arbitrarily deny a motion for sanctions, which occurs " 'when (1) the record clearly evidences frivolous conduct and (2) the trial court nonetheless denies a motion for attorney fees without holding a hearing.' " *Polk v. Spirit Homecare, Inc.*, 1st Dist. No. C-120088, 2012-Ohio-4948, ¶ 6, quoting *Poindexter v. Grantham*, 8th Dist. No. 95825, 2011-Ohio-1576, ¶ 12. *See also Cleveland v. Abrams*, 8th Dist. No. 97814, 2012-Ohio-3957, ¶ 19.

{¶ 38} Here, the record reflects that the trial court did not hold a hearing regarding defendants' motion for sanctions and, in its decision denying the motions for sanctions, the trial court stated only that "[u]pon review, the Court has determined that sanctions are not appropriate in this matter for either party." (Feb. 20, 2014 Decision, 2.) Thus, the trial court made no factual findings regarding defendants' motion for sanctions. Without factual findings, it is difficult for us to discern whether the trial court's determination is supported by competent, credible evidence. This is especially true when our preliminary review of the record reveals that defendants' motion demonstrated arguable merit.

{¶ 39} In their complaint and amended complaint, plaintiffs' causes of action contained several allegations that appear to lack any evidentiary support. Specifically, plaintiffs alleged that defendants made false representations regarding warranties and failed to perform services or to correct substandard work. However, as noted above, Mr. Brisco testified that defendants never made misrepresentations regarding warranties to him and that he had no complaints regarding any work performed by defendants since he contracted with another party to perform the work on his roof. Thus, Mr. Brisco's testimony calls into question whether there was any evidentiary support for several allegations. The trial court, in its decision granting defendants' motion for summary judgment, recognized these issues when it stated:

> Most telling to the Court, and not disputed by the parties, is the fact that Defendants did not perform any work on Plaintiffs' roof. Plaintiffs are not alleging Defendants took money from them without performing work, overcharged them for the work, or anything justifying several of the counts of Plaintiffs' Amended Complaint. Based on the record, the Court is at a loss as to how Plaintiffs, as a matter of law, can prevail on its second count.

(July 26, 2013 Decision, 4-5.)

{¶ 40} Based upon the foregoing, we find that defendants' motion demonstrated arguable merit as they alleged frivolous conduct within the meaning of R.C. 2323.51(A)(2)(a), and such motion did not on its face reveal the lack of a triable issue. Therefore, we find that the trial court erred by denying defendants' motion for sanctions without either holding a hearing or making factual findings to support its conclusion that sanctions were not appropriate. *Donaldson* at ¶ 10-11.[5]  In finding that defendants' motion presented an arguable basis for a hearing, we need not address the remainder of defendants' arguments, and we make no findings regarding whether sanctions are ultimately appropriate in this matter.

{¶ 41} Accordingly, we sustain in part defendants' six assignments of error to the extent that it is necessary for the trial court, on remand, to hold a hearing and issue factual findings regarding the merits of defendants' claims under R.C. 2323.51.

## VI. Disposition

{¶ 42} For the foregoing reasons, plaintiffs' two assignments of error are overruled, and defendants' six assignments of error are sustained in part to the extent outlined in this decision. The judgment of the Franklin County Court of Common Pleas is affirmed in part and reversed in part, and this cause is remanded to that court for the limited purpose of conducting a hearing to determine whether sanctions are appropriate.

*Judgment affirmed in part, reversed in part,*
*and cause remanded with instructions.*

LUPER SCHUSTER and BROGAN, JJ., concur.

---

[5] We note that, in *Donaldson*, the appellant specifically assigned as error the trial court's failure to hold a hearing. *Id.* at ¶ 6. Nevertheless, for the reasons stated above, we find *Donaldson* to be applicable here.

BROGAN, J., retired, of the Second Appellate District, assigned to active duty under the authority of the Ohio Constitution, Article IV, Section 6(C).

————————————