DECISION
{¶ 1} Plaintiff-appellant, Earnest Thorpe, appeals from the April 21, 2004 entry of the Franklin County Court of Common Pleas dismissing his complaint filed against defendant-appellee, Ohio State Warden, William Tanner. For the reasons that follow, we dismiss appellant's appeal as being untimely.
 {¶ 2} Appellant is currently incarcerated at the Pickaway Correctional Institution ("PCI"), serving nine years for felonious assault. On November 19, 2003, appellant filed an "Application For Motion to Stop (T.B.) Tuberolusis [sic] Testing, DNA Testing, Blood Withdrawing, or Testing," naming Warden William Tanner as defendant. In his "application," appellant alleges that on December 15, 2002 and October 1, 2003, the staff at PCI restrained him and vaccinated him for T.B. and conducted DNA testing. Appellant maintained that the skin testing for T.B., the drawing of blood for DNA, and other injections or forceful restraining or detaining of his body parts was an invasion of his privacy and unconstitutional.
 {¶ 3} On January 22, 2004, appellee filed a Civ.R. 12(B)(6) motion to dismiss alleging that appellant's "application" should be dismissed because he failed to exhaust his administrative remedies pursuant to Section 1997(e)(a), Title 42, U.S. Code and R.C. 2969.26(A). On February 4, 2004, appellant filed a "Motion on Relator Permanent Injunction to Stop Abusive Treatment." On February 9, 2004, appellant filed an "Application on Plaintiff Motion to Dismiss Defendant's Motion to Dismiss." On March 9, 2004, the trial court granted appellee's motion to dismiss. On March 25, 2004, appellant filed a "Motion for Objection" to the trial court's decision. On April 21, 2004, the trial court denied appellant's motion to dismiss and granted appellee's Civ.R. 12(B)(6) motion to dismiss, thereby dismissing appellant's complaint. It is from this entry, that appellant appeals assigning the following as error:
1. Trail [sic] judge erred in decision prejudice to plaintiff's right to a fair trial.
2. Defendant violated plaintiff rights to EQUAL PROTECTION OF LAW.
3. Trial judge prejudice omiting [sic] or delayed ruling oninjunction [sic] to stop abusive treatment.
 {¶ 4} Before we can address appellant's assignments of error, we must first resolve a threshold jurisdictional issue. Ohio appellate courts have jurisdiction to review the judgments or final orders of inferior courts within their jurisdiction. See Section 3(B)(2), Article IV, Ohio Constitution; R.C. 2501.02. A final order or judgment is one that affects a substantial right and, in effect, determines the action. R.C. 2502.02(B)(1).
 {¶ 5} In this case, the trial court's April 21, 2004 decision and entry constitutes the final judgment that determined the action below and is, therefore, the order which should have been appealed. Pursuant to App.R. 3(A) and 4(A), notice of an appeal as of right must be filed with the clerk of the trial court within 30 days of the judgment or final order from which the appeal is taken. This time limit is jurisdictional in nature and may not be enlarged by an appellate court. State ex rel. Pendellv. Adams Cty. Bd. of Elections (1988), 40 Ohio St.3d 58, 60; App.R. 14(B). Where a notice of appeal is not filed within the time prescribed by law, an appellate court has no jurisdiction to consider issues that should have been raised in the appeal. Id.;State ex rel. Curran v. Brookes (1943), 142 Ohio St. 107, paragraph seven of the syllabus; Adkins v. Eitel (1966),8 Ohio St.2d 10.
 {¶ 6} In this case, appellant had until May 21, 2004 to appeal the trial court's entry. Appellant filed his notice of appeal on May 27, 2004. Appellant did not appeal the trial court's April 21, 2004 judgment dismissing his complaint within 30 days as mandated by App.R. 3(A) and 4(A), nor did he obtain leave of court to file a delayed appeal pursuant to App.R. 5(A). Therefore, appellant's appeal is untimely and this court lacks jurisdiction to consider the matter. For these reasons, appellant's appeal is hereby dismissed as untimely.
Appeal dismissed.
Sadler and French, JJ., concur.