[Cite as *CitiMortgage, Inc. v. Taylor*, 2016-Ohio-8337.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

CitiMortgage, Inc., successor by merger to :
ABN AMRO Mortgage Group, Inc.,

                                        :

              Plaintiff-Appellee,                            No. 15AP-726

                                        :                 (C.P.C. No. 14CV-1403)

v.                                            :

                                             :              (REGULAR CALENDAR)

Leslie M. Taylor, Jr.,

                                             :

              Defendant-Appellant.                      :

Jane Doe et al.,                                         :

              Defendants-Appellees.             :

                                             :

---

D E C I S I O N

Rendered on December 22, 2106

---

**On brief:** *Graydon Head & Ritchey*, *Kara A. Czanik*, and *Zoraida M. Vale*, for appellee.

**On brief:** *Thompson Steward Flecha, LLC*, and *Bryan O. Steward*, for appellant.

---

APPEAL from the Franklin County Court of Common Pleas

KLATT, J.

{¶ 1} Defendant-appellant, Leslie M. Taylor, Jr., appeals a judgment of the Franklin County Court of Common Pleas entered in favor of plaintiff-appellee, CitiMortgage, Inc. For the following reasons, we affirm that judgment.

{¶ 2} On January 16, 2003, Taylor executed a note promising to pay $98,400 to ABN AMRO Mortgage Group, Inc. ("ABN AMRO"). To secure the note, Taylor mortgaged

the property located at 1720 Shady Lane Road. ABN AMRO recorded the mortgage with the Franklin County Recorder on January 22, 2003.

{¶ 3} In 2007, ABN AMRO merged into CitiMortgage. CitiMortgage took possession of Taylor's note, which ABN AMRO had endorsed in blank.

{¶ 4} Taylor defaulted on the mortgage loan. In a letter dated June 20, 2013, CitiMortgage informed Taylor of the default and warned Taylor that failure to cure the default could result in acceleration of the amount due under the note and mortgage. When Taylor did not respond to the June 20, 2013 letter, CitiMortgage sent a second letter that notified Taylor that it planned to file for foreclosure.

{¶ 5} On February 10, 2014, CitiMortgage filed a complaint seeking a monetary judgment against Taylor, the foreclosure of Taylor's mortgage, sale of the property, and payment of the monetary judgment from the proceeds of the sale. In response to the complaint, Taylor moved for referral of the matter to mediation and an extension of time to answer the complaint. The trial court granted Taylor's motion in an order issued March 14, 2014. The order also provided that, unless agreed otherwise, Taylor's answer would be due no later than 28 days after completion of the mediation process.

{¶ 6} On May 4, 2015, the mediator filed a mediation outcome report with the trial court. The report indicated that mediation had occurred and no resolution was reached.

{¶ 7} Because the mediation process ended with the May 4, 2015 report, Taylor's answer was due by June 1, 2015, i.e., the twenty-eighth day after May 4, 2015. Taylor failed to file an answer by that date. Consequently, on June 2, 2015, CitiMortgage moved for default judgment. CitiMortgage attached to its motion the affidavit of Claudia Schuele, a vice president of document control at CitiMortgage. In her affidavit, Schuele authenticated the documents attached to her affidavit, which included the note, mortgage, CitiMortgage's letters to Taylor, and the loan history.

{¶ 8} On June 8, 2015, Taylor filed a handwritten document entitled "ANSWER." In that document, Taylor did not respond to the allegations contained in the complaint, but rather, he complained that he was unaware of the deadline for filing his answer and he was prohibited from participating in the mediation.

{¶ 9} After Taylor filed his "ANSWER," CitiMortgage filed a reply in support of its motion for default judgment or, in the alternative, a motion for summary judgment.

CitiMortgage argued that if the trial court elected to deny it default judgment because Taylor had belatedly filed an answer, it was entitled to summary judgment based on the evidence contained in and attached to Schuele's affidavit.

{¶ 10} In a judgment dated June 30, 2015, the trial court granted both of CitiMortgage's motions.  The trial court found that (1) Taylor had defaulted by failing to file an answer by June 1, 2015 and (2) CitiMortgage had provided sufficient evidence to entitle it to summary judgment.  The trial court rendered judgment in CitiMortgage's favor in the amount of the principal balance due, $83,327.91, with interest at the rate of 5.25 percent per year from November 1, 2011.  The trial court also ordered foreclosure of the mortgage and sale of the mortgaged property.

{¶ 11} On July 30, 2015, Taylor moved for relief from the June 30, 2015 judgment under Civ.R. 60(B).  On that same date, Taylor also filed a notice of his appeal of the June 30, 2015 judgment.

{¶ 12} On November 24, 2015, Taylor moved this court for an order staying the appeal and remanding this case to the trial court so that it could rule on his Civ.R. 60(B) motion.  We granted that motion in a December 3, 2015 entry.  The December 3, 2015 entry also ordered that, within 20 days of the trial court's ruling on the Civ.R. 60(B) motion, Taylor had to move either (1) to voluntarily dismiss his appeal or (2) to lift the stay so he could proceed with his appeal.  Taylor did not follow this order.  The trial court denied Taylor's Civ.R. 60(B) motion in a judgment entered March 30, 2016.  Taylor filed nothing with this court.  Thus, in an entry dated April 28, 2016, we sua sponte lifted the stay and reactivated the appeal.

{¶ 13} In this appeal, Taylor assigns the following errors:

> [1.] The trial court erred in denying Defendant-Appellant's Amended Motion for Relief from Judgment.
>
> [2.] The trial court erred in granting Plaintiff-Appellee's Motion for Summary Judgment.

{¶ 14} By his first assignment of error, Taylor argues that the trial court erred in denying him Civ.R. 60(B) relief.  In civil cases, a party must file a timely notice of appeal in order to invoke the jurisdiction of a court of appeals.  App.R. 3(A); *accord Transamerica Ins. Co. v. Nolan*, 72 Ohio St.3d 320, 322 (1995) ("Pursuant to App.R. 3(A), the only jurisdictional requirement for the filing of a valid appeal is the timely filing

of a notice of appeal."); *Toth v. Toth*, 5th Dist. No. 2012-CA-21, 2013-Ohio-845, ¶ 42 ("[W]hile in the general sense, [a court of appeals] has jurisdiction to hear appeals in civil cases, that jurisdiction must be invoked by the timely filing of a notice of appeal."). Where a party fails to file a notice of appeal within the time prescribed by law, the reviewing court is without jurisdiction to consider issues that should have been raised in the appeal. *State ex rel. Pendell v. Adams Cty. Bd. of Elections*, 40 Ohio St.3d 58, 60 (1988); *Thorpe v. Tanner*, 10th Dist. No. 04AP-557, 2004-Ohio-6983, ¶ 5. Taylor has not filed any notice of appeal from the trial court's March 30, 2016 judgment, which denied Taylor's Civ.R. 60(B) motion. Consequently, we lack the jurisdiction necessary to consider the first assignment of error. Accordingly, we dismiss Taylor's first assignment of error.

{¶ 15} By his second assignment of error, Taylor argues that the trial court erred in granting CitiMortgage summary judgment. Even if we ruled in Taylor's favor on this assignment of error, a reversal of the trial court's judgment could not result. The trial court entered judgment in CitiMortgage's favor on two reasons: (1) Taylor defaulted, and (2) CitiMortgage was entitled to summary judgment. Taylor does not challenge the first reason in this appeal, and consequently, no matter our resolution of this assignment of error, a legal basis remains to uphold the trial court's judgment. Nevertheless, in the interest of justice, we will consider Taylor's argument.

{¶ 16} A trial court will grant summary judgment under Civ.R. 56 when the moving party demonstrates that: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion when viewing the evidence most strongly in favor of the nonmoving party, and that conclusion is adverse to the nonmoving party. *Hudson v. Petrosurance, Inc.*, 127 Ohio St.3d 54, 2010-Ohio-4505, ¶ 29; *Sinnott v. Aqua-Chem, Inc.*, 116 Ohio St.3d 158, 2007-Ohio-5584, ¶ 29. Appellate review of a trial court's ruling on a motion for summary judgment is de novo. *Hudson* at ¶ 29. This means that an appellate court conducts an independent review, without deference to the trial court's determination. *Zurz v. 770 W. Broad AGA, L.L.C.*, 192 Ohio App.3d 521, 2011-Ohio-832, ¶ 5 (10th Dist.); *White v. Westfall*, 183 Ohio App.3d 807, 2009-Ohio-4490, ¶ 6 (10th Dist.).

{¶ 17} The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the

record that demonstrate the absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). The moving party does not discharge this initial burden under Civ.R. 56 by simply making conclusory allegations. *Id.* Rather, the moving party must affirmatively demonstrate by affidavit or other evidence allowed by Civ.R. 56(C) that there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Id.* If the moving party meets its burden, then the nonmoving party has a reciprocal burden to set forth specific facts showing that there is a genuine issue for trial. Civ.R. 56(E); *Dresher* at 293. If the nonmoving party does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party. *Dresher* at 293.

{¶ 18} To prevail in an action for foreclosure, a plaintiff must prove: (1) execution and delivery of a note and mortgage, (2) valid recording of the mortgage, (3) the plaintiff is a person entitled to enforce the note and the holder of the mortgage, (4) the chain of transfers of the note and assignments of the mortgage, if the plaintiff is not the original lender, (5) the mortgagor is in default, (6) the plaintiff has met all the conditions precedent, and (7) the amount of principal and interest due. *Regions Bank v. Seimer*, 10th Dist. No. 13AP-542, 2014-Ohio-95, ¶ 19; *Home Savs. & Loans Co. v. Eichenberger*, 10th Dist. No. 12AP-1, 2012-Ohio-5662, ¶ 17. Here, CitiMortgage provided the trial court with affidavit testimony and documentary evidence that proved an absence of any genuine issues of material fact with regard to each of these elements. Thus, the burden shifted to Taylor to rebut CitiMortgage's motion by pointing to Civ.R. 56(C) evidence that demonstrated the existence of a genuine issue of material fact. Taylor, however, failed to respond to CitiMortgage's motion.

{¶ 19} If a moving party meets the standard for summary judgment under Civ.R. 56 and the nonmoving party fails to respond with evidence of a genuine issue of material fact, a trial court does not err in granting summary judgment in favor of the moving party. *Todd Dev. Co. v. Morgan*, 116 Ohio St.3d 461, 2008-Ohio-87, ¶ 14. Moreover, in such a situation, the nonmoving party may not raise issues on appeal that the party should have raised in response to the motion for summary judgment. *Gentile v. Ristas*, 160 Ohio App.3d 765, 2005-Ohio-2197, ¶ 74 (10th Dist.). Given Taylor's failure to respond, the trial court did not err in granting CitiMortgage summary judgment, and Taylor waived the argument he now asserts on appeal.

{¶ 20} Additionally, even if we disregard Taylor's waiver, we are not persuaded by Taylor's belated attempt to satisfy the burden he failed to meet before the trial court. Taylor now argues that a genuine issue of material fact exists because the allegation in the complaint regarding the amount due to CitiMortgage conflicts with Schuele's testimony on the same point. The complaint, which was filed February 10, 2014, stated that Taylor owed CitiMortgage the principal sum of $84,730.64, together with interest at a rate of 5.25 percent per year from March 1, 2011. Schuele testified that, as of April 22, 2015, Taylor owed CitiMortgage the principal sum of $83,327.91, together with interest at a rate of 5.25 percent per year from November 1, 2011.

{¶ 21} While a discrepancy exists between the complaint and Schuele's testimony, that discrepancy does not result in a genuine issue of material fact. Schuele attached to her affidavit of copy of Taylor's loan history. According to that history, Taylor, in fact, owed principal in the amount of $84,730.64 on February 10, 2014, the date the complaint was filed. The history also shows that, over a year later, on April 22, 2015, Taylor owed principal in the amount of $83,327.91. In between February 10, 2014 and April 22, 2015, Taylor submitted payments to CitiMortgage. Those payments decreased the amount of principal due and advanced the date on which interest on the principal accrued. Consequently, the loan history verifies the accuracy of both the allegation in the complaint and Schuele's testimony, and it explains why the two differ. No issue of fact regarding the amount owed exists.

{¶ 22} In sum, we conclude that the trial court properly granted CitiMortgage summary judgment. Accordingly, we overrule Taylor's second assignment of error.

{¶ 23} For the foregoing reasons, we dismiss the first assignment of error, and we overrule the second assignment of error. We affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

TYACK and HORTON, JJ., concur.

————————————