[Cite as *Nationstar Mtge. L.L.C. v. Payne*, 2017-Ohio-513.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Nationstar Mortgage LLC, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 16AP-185 |
| v. | : | (C.P.C. No. 14CV-13435) |
| Brian K. Payne, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

---

## D E C I S I O N

### Rendered on February 14, 2017

---

**On brief:** *Thompson Hine LLP*, *John B. Kopf* and *Michael L. Dillard, Jr.,* for appellee. **Argued:** *Michael L. Dillard, Jr.*

**On brief:** *Brian K. Payne*, pro se.

---

APPEAL from the Franklin County Court of Common Pleas

KLATT, J.

{¶ 1} Defendant-appellant, Brian K. Payne, appeals a judgment of the Franklin County Court of Common Pleas in favor of plaintiff-appellee, Nationstar Mortgage LLC ("Nationstar"). For the following reasons, we affirm that judgment.

{¶ 2} On December 23, 2014, Nationstar filed a complaint against Payne. The complaint alleged that Nationstar was the holder of and/or the person entitled to enforce a promissory note executed by Payne, and that Nationstar was the holder of the mortgage that secured the note. Additionally, the complaint alleged that Payne had defaulted on the note and owed Nationstar the balance due. Nationstar sought a monetary judgment,

foreclosure of the mortgage, sale of the mortgaged property, and payment of the monetary judgment from the sale proceeds.

{¶ 3} Nationstar subsequently amended the complaint to add additional defendants who may possess an interest in the mortgaged property. These additional defendants failed to answer the amended complaint. Payne, however, answered both the original and amended complaints.

{¶ 4} On February 1, 2016, Nationstar filed two motions. In the first, Nationstar sought a default judgment against those defendants who had failed to answer the complaint. In the second, Nationstar sought summary judgment against Payne.

{¶ 5} To support its motion for summary judgment, Nationstar relied on the affidavit of Sara P. Afford, a document execution specialist for Nationstar. Afford testified that the documents attached to her affidavit were true and exact copies of Payne's note and mortgage, the assignment of the mortgage, the loan payment history, and the demand letter that Nationstar had sent to Payne. Afford also testified that Payne had defaulted under the note and mortgage by failing to make payments due. When Payne did not cure the default, Nationstar accelerated the amount due under the note and mortgage. Payne owed Nationstar the principal sum of $96,211.65, plus interest at a rate of 5.875 percent per year from June 1, 2014.

{¶ 6} On February 17, 2016, the trial court entered judgment granting both of Nationstar's motions. Payne failed to respond to Nationstar's motion for summary judgment prior to the trial court's judgment. However, after the trial court issued its judgment, Payne filed a memorandum in opposition to Nationstar's motion for summary judgment, as well as a cross-motion for summary judgment. The trial court ignored this belated filing.

{¶ 7} Payne now appeals the February 17, 2016 judgment, and he assigns the following errors:

> [1.] THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT ENTERED DEFAULT JUDGMENT AGAINST MR. Brian K. Payne, HOLDING HE WAS IN DEFAULT OF MOTION OR ANSWER.
>
> [2.] WHETHER DEFAULT JUDGMENT CAN BE PROPERLY ENTERED AGAINST A PARTY (MR. PAYNE)

WHOM IS NOT MENTIONED IN THE MOTION FOR ENTRY OF DEFAULT JUDGMENT.

WHETHER THE TRIAL COURT SHOULD HAVE ENTERED DEFAULT AGAINST DEFENDANT EVEN THOUGH THE DEFENDANT WAS NOT NAMED ON THE MOTION TO ENTER DEFAULT AND FURTHER HE HAD APPEARED IN THE CASE AND ANSWER THE PLAINTIFF'S AMENDED COMPLAINT ALONG WITH OTHER PLEADINGS PREVIOUS TO PLAINTIFF'S AMENDED COMPLAINT.

[3.]   A GENUINE ISSUE OF MATERIAL FACT WAS IN DISPUTE THAT SHOULD HAVE PRECLUDED SUMMARY JUDGMENT, AND IF NOT, WHETHER THE TRIAL COURT RULE CORRECTLY ON THE LAW.

[4.]   NATIONSTAR'S OWN PROOFS ESTABLISHED THAT NATIONSTAR IS NOT THE HOLDER OF THE NOTE, AND THEREFORE LACKS STANDING TO FORECLOSE.

IN ORDER TO HAVE STANDING TO FORECLOSE, A PLAINTIFF MUST SHOW BOTH (1) THAT THE DEFENDANT OWES A DEBT TO THE PLAINTIFF AND (2) THAT THE PLAINTIFF HAS A SECURITY INTEREST IN THE PROPERTY.

[5.]   THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT BECAUSE THERE IS A GENIUNE ISSUE OF MATERIAL FACT IN RESPECT TO NATIONSTAR IS THE HOLDER OF THE NOTE AND MORTGAGE.

[6.]   <u>TRANSFER OF A NEGOTIABLE INSTRUMENT IS GOVERN BY THE UNIFORM COMMERCIAL CODE, REQUIRES PHYSICAL POSSESSION AND INDORSEMENT OF A NOTE PAYABLE TO ORDER.</u>

[7.]   WHETHER NATIONSTAR PROOFS WERE SUFFICIENT TO SUPPORT ENTRY OF SUMMARY JUDGMENT AND OR FINAL JUDGMENT.

DEFENDANT EXECUTED A NOTE TO GLOBAL EQUITY, LENDING, INC., AND MORTGAGE TO MERS. WHERE AS NATIONSTAR DID NOT PRESENT EVIDENCE AS TO HOW, WHEN....NOT EVEN A DATE, IF EVER IT BECAME HOLDER OF THE NOTE ENTITLED TO ENFORCE, ALSO, NATIONSTAR HAS NOT SHOWN EVIDENCE THAT

WOULD ESTABLISH IT AS THE REAL PARTY IN INTEREST.

[8.] WHETHER PLAINTIFF'S ALLEGED POSSESSION AND HOLDER OF THE NOTE, SUPPORTED ONLY BY AN ASSIGNMENT Of MORTGAGE, FAILS TO MEET THE REQUIREMENTS OF THE UNIFORM COMMERCIAL CODE AND DOES NOT GIVE RISE TO A CLAIM OF RELIEF AGAINST THE MAKER OF THE NOTE.

[9.] WHETHER NATIONSTAR'S CLAIM OF POSSESSION WAS UNSUPPORTED BY COMPETENT EVIDENCE, AND THEREFORE NATIONSTAR FAILED EVEN TO SHOW POSSESSION IN THE NOTE.

[10.] AS NATIONSTAR MORTGAGE, LLC FAILED TO SHOW THAT IT WAS THE HOLDER OF THE NOTE AND THE ASSIGNEE OF THE MORTGAGE IT IS NOT A PROPER PARTY TO THE FORECLOSURE ACTION AND LACKS STANDING TO FORECLOSURE.

[11.] WHETHER MERS BY ITS OWN GUIDELINES HAS AUTHORITY TO ASSIGN NOTES AND OR MORTGAGES.

[12.] WHETHER GLOBAL EQUITY LENDER INC., GAVE MERS AUTHORITY TO ASSIGN IT'S MORTGAGE.

[13.] WHETHER SARA P. AFFORD AFFIDAVIT AND NOTARY HAS A SIGNATURE, AND IF NOT, WHETHER A MISSING SIGNATURE CONSTITUTES AN IMPROPER AFFIDAVIT, AND WHETHER THE AFFIANT AVERMENT IN THAT PURPORTED AFFIDAVIT IS INCOMPETENT TESTIMONY, AND WHETHER AN INCOMPETENT TESTIMONY AS TO THE NOTE AND MORTGAGE CREATES A GENUINE FACTUAL ISSUE IN DISPUTE, AND WHETHER DEFENDANT HAS TIMELY OBJECTED TO THE AFFIDAVIT ON THESE GROUNDS, AND THE AFFIDAVIT SHOULD BE STRIKEN OR WHETHER SUMMARY JUDGMENT SHOULD BE DENIED PLAINTIFF.

[14.] WHETHER NATIONSTAR PROOFS WERE SUFFICIENT TO ESTABLISH THAT NATIONSTAR HAD THE RIGHT TO ENFORCE THE NOTE AND MORTGAGE AND SUPPORT ENTRY OF SUMMARY JUDGMENT AND OR FINAL JUDGMENT.

[15.] WHETHER DOCUMENTS THAT NATIONSTAR MORTGAGE, LLC RELIED, UPON IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT TO ESTABLISH ITS STATUS AS HAVING POSSESSION AND OR HOLDER WERE PROPERLY CERTIFIED AND AUTHENTICATED.

[16.] WHETHER THE COPIED NOTE AND MORTGAGE WERE ATTACHED TO AN AFFIDAVIT FOR THE PURPOSES OF BEING CERTIFIED AND AUTHENTICATION.

[17.] AND WHETHER THE DEFENDANT IS TIMELY TO STRIKE THESE PORTIONS OF THE SARA P. AFFORD AFFIDAVIT NOT IN COMPLIANCE WITH RULE 56(E) AND RULES OF EVIDENCE.

[18.] WHETHER COPIED NOTE, MORTGAGE, ASSIGNMENT OF MORTGAGE, PAYMENT HISTORY AND DEMAND LETTER SATISFIED THE AFFIDAVIT REQUIREMENTS OF 56(E), WHICH STATES THAT "DOCUMENTS" ATTACH TO AN AFFIDAVIT MUST BE CERTIFIED OR SWORN TO, AND IF NOT, WHETHER DEFENDANT'S MOVE TO STRIKE THIS PORTION OF SARA P. AFFORD AFFIDAVIT IS TIMELY.

[19.] WHETHER SARA P. AFFORD AFFIDAVIT AT 5 AVERRING THAT....." that true and exact copies of the Note, Mortgage, Assignment of Mortgage, Payment History and Demand Letter are attached hereto...." SATISFIED THE VERIFICATION REQUIREMENTS OF 56(E), WHICH STATES THAT ....." 'CERTIFIED' COPIES ATTACHED ARE TRUE AND ACCURATE REPRODUCTIONS OF THE ORIGINAL".....IF NOT, WHETHER DEFENDANT'S MOVE TO STRIKE THIS PORTION OF SARA AFFORD AFFIDAVIT IS TIMELY [emphasize added].

[20.] WHETHER AN AFFIDAVIT BASED ON PERSONAL REVIEW OF THE BUSINESS RECORDS PROVIDE A BASIS FOR AFFIANT TO TESTIFY TO POSSESSION OF THE NOTE.

[21.] THE TRIAL COURT ERRED BY NOT ALLOWING DEFENDANT TIME AS REQUIRED BY RULE 56.( C) AND OR Local Rule 11(I)(1) TO RESPOND TO PLAINTIFF'S SUMMARY JUDGMENT MOTION PRIOR TO THE TRIAL COURT ENTERING SUMMARY JUDGMENT.

[22.] WHETHER DISCOVERY SHOULD HAVE BEEN ALLOWED PRIOR TO THE TRIAL COURT ENTERING SUMMARY JUDGMENT, IF NOT, WHETHER DEFENDANT'S CROSS-MOTION FILED FEBRUARY 29TH, 2016 AND OTHER PREVIOUS FILINGS WAS TIMELY FILED; AND NOTWITHSTANDING THE FACT THAT DEFAULT AND SUMMARY JUDGMENT WAS ENTERED, WHETHER THIS ENTIRE CASE SHOULD BE RULED AT THIS TIME IN IT'S ENTIRETY BY APPEAL'S COURT OR REMAND FOR FURTHER PROCEEDINGS IN RESPECT TO THE DEFAULT AND OR DISCOVERY.

[23.] IF DEFENDANT SHOULD PREVAIL IN HIS APPEAL-WHETHER DEFENDANT'S REQUEST FOR ATTORNEY FEES WAS TIMELY AND PROPER.[1]

{¶ 8} Before reviewing Payne's assignments of error, we must address the affidavit that Payne includes in his appellant's brief. Appellate review is limited to the record as it existed at the time the trial court rendered its judgment. *Wiltz v. Clark Schaefer Hackett & Co.*, 10th Dist. No. 11AP-64, 2011-Ohio-5616, ¶ 13. Payne's affidavit was not before the trial court when it issued the judgment on appeal. Consequently, we will not consider Payne's affidavit when deciding this appeal.

{¶ 9} By his first and second assignments of error, Payne argues that the trial court erred in granting default judgment against him. Payne misreads the trial court's judgment. The trial court only granted default judgment against the non-answering defendants, i.e., Jane Doe, the unknown spouse, if any, of Payne; the Taylor Payne-Bey Family Development Trust; and John Doe, trustee of the Taylor Payne-Bey Family Development Trust. The trial court granted summary judgment against Payne. Because the trial court did not engage in the error Payne alleges, we overrule Payne's first and second assignments of error.

{¶ 10} The remainder of Payne's assignments of error challenge the trial court's grant of summary judgment against him. A trial court will grant summary judgment under Civ.R. 56 when the moving party demonstrates that: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3)

---

[1] Because Payne did not sequentially number all of his assignments of error, we have renumbered the assignments of error. We quote Payne's assignments of error verbatim, without correcting any grammatical errors.

reasonable minds can come to but one conclusion when viewing the evidence most strongly in favor of the nonmoving party, and that conclusion is adverse to the nonmoving party. *Hudson v. Petrosurance, Inc.*, 127 Ohio St.3d 54, 2010-Ohio-4505, ¶ 29; *Sinnott v. Aqua-Chem, Inc.*, 116 Ohio St.3d 158, 2007-Ohio-5584, ¶ 29. Appellate review of a trial court's ruling on a motion for summary judgment is de novo. *Hudson* at ¶ 29. This means that an appellate court conducts an independent review, without deference to the trial court's determination. *Zurz v. 770 W. Broad AGA, L.L.C.*, 192 Ohio App.3d 521, 2011-Ohio-832, ¶ 5 (10th Dist.); *White v. Westfall*, 183 Ohio App.3d 807, 2009-Ohio-4490, ¶ 6 (10th Dist.).

{¶ 11} The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). The moving party does not discharge this initial burden under Civ.R. 56 by simply making conclusory allegations. *Id.* Rather, the moving party must affirmatively demonstrate by affidavit or other evidence allowed by Civ.R. 56(C) that there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Id.* If the moving party meets its burden, then the nonmoving party has a reciprocal burden to set forth specific facts showing that there is a genuine issue for trial. Civ.R. 56(E); *Dresher* at 293. If the nonmoving party does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party. *Dresher* at 293.

{¶ 12} We will begin our review of the assignments of error challenging the grant of summary judgment with Payne's twenty-first assignment of error. By that assignment of error, Payne argues that the trial court erred in not providing him 28 days to respond to Nationstar's motion for summary judgment. We find this argument unavailing.

{¶ 13} Pursuant to Civ.R. 56(C):

> [u]nless otherwise provided by local rule or by order of the court, the adverse party may serve responsive arguments and opposing affidavits within twenty-eight days after service of [a summary judgment] motion, and the movant may serve reply arguments within fourteen days after service of the adverse party's response.

By inserting the clause "[u]nless otherwise provided by local rule or by order of the court" before the 28-day and 14-day deadlines, Civ.R. 56(C) makes clear that it only provides default deadlines for the circumstance where no applicable local rule or court order exists. In other words, the 28-day and 14-day deadlines apply "only in the absence of a local rule or court order providing times for briefing motions, whether or not the rule or order specifically addresses summary judgment motions, and does not supersede or affect the application of local rules or orders addressing briefing on motions."  2015 Staff Notes, Civ.R. 56.

{¶ 14} Here, Loc.R. 21.01 of the Franklin County Court of Common Pleas, General Division, sets forth the time periods for responding and replying to motions.  In relevant part, that rule provides that "[t]he opposing counsel or a party shall serve any answer brief on or before the 14th day after the date of service as set forth on the certificate of service attached to the served copy of the motion."  As Loc.R. 21.01 specifies the deadline for responding to a motion, that rule applies and limits the amount of time Payne had to respond to Nationstar's motion for summary judgment to 14 days.  *See Brisco v. U.S. Restoration & Remodeling, Inc.*, 10th Dist. No. 14AP-533, 2015-Ohio-3567, ¶ 12 (quoting Loc.R. 21.01 and Loc.R. 57.02, and concluding that "the rules provide a party 14 days to file a brief in opposition to a motion, including filing all evidentiary materials in support of the responsive pleading").  Accordingly, we overrule Payne's twenty-first assignment of error.

{¶ 15} By Payne's twenty-second assignment of error, he argues that the trial court erred in granting Nationstar summary judgment when he still had discovery to conduct. We disagree.

{¶ 16} Generally, Civ.R. 56(F) provides the sole remedy for a party who must respond to a motion for summary judgment before it has completed adequate discovery. *Mootispaw v. Mohr*, 10th Dist. No. 15AP-885, 2016-Ohio-1246, ¶ 10; *Commons at Royal Landing, LLC v. Whitehall*, 10th Dist. No. 15AP-240, 2016-Ohio-362, ¶ 8.  Pursuant to Civ.R. 56(F), a party may request that the trial court defer ruling on the motion for summary judgment pending the completion of discovery.  *Mootispaw* at ¶ 10; *Commons at Royal Landing* at ¶ 9.  When a party fails to move for a Civ.R. 56(F) continuance, a trial court may grant summary judgment to the moving party even if discovery remains

incomplete.  *Mootispaw* at ¶ 10; *Commons at Royal Landing* at ¶ 11.  Moreover, the party that fails to move for a Civ.R. 56(F) continuance does not preserve his right to challenge the adequacy of discovery on appeal.  *Mootispaw* at ¶ 10.

{¶ 17} Here, Payne did not move for a continuance under Civ.R. 56(F). Consequently, the trial court did not err in granting Nationstar summary judgment on its claims against him, even though Payne had not obtained the discovery he sought or planned to seek.  Accordingly, we overrule Payne's twenty-second assignment of error.

{¶ 18} We next turn to the assignments of error that attack the evidence that Nationstar relied upon to prove its entitlement to summary judgment.  By these assignments of error, Payne essentially asserts three arguments.  First, by his thirteenth assignment of error, Payne argues that Afford's affidavit is invalid because neither Afford nor a notary public signed the affidavit.  Second, by his ninth, fourteenth, fifteenth, sixteenth, eighteenth, and nineteenth assignments of error, Payne argues that the trial court erred in considering the documents attached to Afford's affidavit because Afford did not have the personal knowledge necessary to authenticate them.  Third, by his seventeenth and twentieth assignments of error, Payne argues that the trial court erred in considering any of Afford's affidavit testimony because she lacked the personal knowledge necessary to testify to the facts she set forth in her affidavit.  Each of these assignments of error fail because they suffer a fundamental flaw:  Payne waived them when he failed to timely object to Nationstar's evidence.

{¶ 19} " 'Ordinarily, reviewing courts do not consider questions not presented to the court whose judgment is sought to be reversed.' "  *State ex rel. Quarto Mining Co. v. Foreman*, 79 Ohio St.3d 78, 81 (1997), quoting *Goldberg v. Indus. Comm.*, 131 Ohio St. 399, 404 (1936).  A party waives the ability to argue on appeal any error which it could have called, but did not call, to the trial court's attention at a time when the trial court could have avoided or corrected that error.  *Id.*; *accord Limle v. Laboratory Corp. of Am.*, 137 Ohio App.3d 434, 437 (10th Dist.2000) ("The failure to timely advise a trial court of possible error, by objection or otherwise, results in a waiver of the issue for purposes of appeal.").

{¶ 20}  When moving for summary judgment, a party must direct the trial court to evidentiary materials of the type listed in Civ.R. 56(C).  *Giffin v. Crestview Cadillac*, 10th

Dist. No. 09AP-278, 2009-Ohio-6569, ¶ 38. Civ.R. 56(C) limits the material a trial court can consider to "pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any." Civ.R. 56(C). A party who wishes to rely on a document not listed in Civ.R. 56(C) must incorporate that document into an affidavit. *Giffin* at ¶ 38. To incorporate attached evidentiary exhibits, an affidavit need only state that the attached exhibits are true copies of the original documents. Civ.R. 56(E); *Am. Express Travel Related Servs. v. Silverman*, 10th Dist. No. 06AP-338, 2006-Ohio-6374, ¶ 12.

{¶ 21} Despite the dictates of Civ.R. 56(C), a trial court may consider evidence not specifically listed if the adverse party fails to timely object to that evidence. *State ex rel. Gilmour Realty, Inc. v. Mayfield Heights*, 122 Ohio St.3d 260, 2009-Ohio-2871, ¶ 17; *accord Columbus v. Bahgat*, 10th Dist. No. 10AP-943, 2011-Ohio-3315, ¶ 16 ("Absent an objection, a trial court has the discretion to consider unauthenticated documents when rendering summary judgment."). Moreover, failure to timely move to strike or otherwise object to non-Civ.R. 56(C) evidence waives any error arising from the trial court's consideration of that evidence. *Bradley v. Ohio Dept. of Transp.*, 10th Dist. No. 13AP-918, 2014-Ohio-3205, ¶ 21; *Timberlake v. Jennings*, 10th Dist. No. 04AP-462, 2005-Ohio-2634, ¶ 14.

{¶ 22} Affidavits offered in support of or in opposition to summary judgment "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit." Civ.R. 56(E). A trial court, however, may consider affidavits that do not comply with the Civ.R. 56(E) requirements when no timely objection to the affidavit is raised. *Citizens Banking Co. v. Parsons*, 10th Dist. No. 11AP-480, 2014-Ohio-2781, ¶ 17; *New Falls Corp. v. Russell-Seitz*, 10th Dist. No. 08AP-397, 2008-Ohio-6514, ¶ 10. Additionally, a party who fails to timely argue to the trial court that an affiant lacks personal knowledge waives that argument on appeal. *Parsons* at ¶ 17; *Russell-Seitz* at ¶ 12.

{¶ 23} Here, in his memorandum in opposition to summary judgment, Payne argued that Afford lacked the personal knowledge necessary (1) to authenticate the note, mortgage, and assignment of the mortgage and (2) to testify that Nationstar possessed the

note. Payne, however, did not file his memorandum in opposition until after the trial court had granted Nationstar summary judgment. Thus, by the time Payne raised his objections, the trial court had entered a final judgment and, consequently, could neither avoid nor correct the alleged error. Payne, therefore, waived all arguments premised on Afford's alleged lack of personal knowledge, and the trial court did not err in considering Afford's affidavit or the documents attached to it. Accordingly, we overrule Afford's ninth and fourteenth through twentieth assignments of error.

{¶ 24} Payne never argued below that Afford's affidavit lacked both the affiant's and the notary public's signatures. Payne, therefore, waived that argument for purposes of appeal, and we will not address it. Accordingly, we overrule Payne's thirteenth assignment of error.

{¶ 25} Payne makes one final attack against Afford's affidavit. He incorporates into his appellant's brief a motion to strike Afford's affidavit, which repeats the same arguments that he raises in his ninth and thirteenth through twentieth assignments of error. For the same reasons we set forth above, we deny Payne's motion to strike.

{¶ 26} By his third, fifth, and sixth assignments of error, Payne argues that the trial court erred in granting Nationstar summary judgment because Nationstar failed to establish itself as the person entitled to enforce Payne's note. We disagree.

{¶ 27} In order to prevail in a foreclosure action, a plaintiff must prove that it is the person entitled to enforce the defendant's note. *CitiMortgage, Inc. v. Taylor*, 10th Dist. No. 15AP-726, 2016-Ohio-8337, ¶ 18. A plaintiff qualifies as a "[p]erson entitled to enforce" a negotiable instrument if the plaintiff is "[t]he holder of the instrument." R.C. 1303.31(A)(1). The definition of "holder" varies depending on whether the negotiable instrument at issue is made payable to a particular person or not. If the instrument is payable to bearer, the holder is the person in possession of that instrument. R.C. 1301.01(T)(21)(a).[2] If the instrument is payable to an identified person, the holder is the identified person when in possession of the instrument. R.C. 1303.01(T)(21)(b).

---

[2] Effective June 29, 2011, Am.H.B. No. 9, 2011 Ohio Laws File 9, repealed R.C. 1301.01, amended the provisions of R.C. 1301.01, and renumbered that section so it now appears at R.C. 1301.201. R.C. 1301.201 only applies to transactions entered into after the effective date of that statute. Payne executed the note at issue in this case on December 20, 2004, well before the June 29, 2011 effective date of R.C. 1301.201. Consequently, we apply R.C. 1301.01 to this appeal.

{¶ 28} A person can become a holder of a negotiable instrument when (1) the instrument is issued to that person or (2) a holder transfers the instrument to that person through negotiation. Uniform Commercial Code Official Comment (1990), Section 3-201, Comment 1. With one inapplicable exception, "if an instrument is payable to an identified person, negotiation requires transfer of possession of the instrument and its indorsement by the holder." R.C. 1303.21(B). An "indorsement" is "a signature, other than that of a signer as maker, drawer, or acceptor, that alone or accompanied by other words is made on an instrument [to accomplish] * * * negotiat[ion] [of] the instrument." R.C. 1303.24(A)(1)(a). A holder may make either a special or blank indorsement. Uniform Commercial Code Official Comment (1990), Section 3-205, Comment 2. A "special indorsement" is an indorsement that identifies the person to whom the indorsement makes the instrument payable, while a "blank indorsement" is any indorsement that is not a special indorsement. R.C. 1303.25(A) and (B). "When an instrument is indorsed in blank, the instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially indorsed." R.C. 1303.25(B).

{¶ 29} To identify the holder of a particular note, courts must first examine the face of the note, as well as any indorsements. *Bank of Am., N.A. v. Pasqualone*, 10th Dist. No. 13AP-87, 2013-Ohio-5795, ¶ 32. In the note at issue in this case, Payne agreed to pay $96,300 to Global Equity Lending, Inc., thus making Global Equity Lending the original holder of Payne's note. Payne's note, however, did not remain in Global Equity Lending's hands for long, as evidenced by two indorsements on the note.

{¶ 30} Payne disregards both indorsements, arguing that they have no evidentiary value because they lack verification. We are not persuaded by this argument. In order to challenge the authenticity of, or the authority to make, a signature on an instrument, a defendant must specifically deny the validity of the signature in its answer. R.C. 1303.36(A); *Romano's Carryout, Inc. v. P.F. Chang's China Bistro, Inc.*, 196 Ohio App.3d 648, 2011-Ohio-4763, ¶ 13 (10th Dist.). Absent a specific denial, the defendant admits to the validity of the signature. R.C. 1303.36(A). Here, because Payne failed to specifically deny the indorsements' validity in his answers to both the original and amended complaints, Payne conceded to the indorsements' validity and cannot challenge it now. Thus, we turn to the indorsements to determine who holds Payne's note.

{¶ 31} In the first indorsement, dated December 20, 2004, Global Equity Lending indorsed the note to Flagstar Bank, FSB. This first indorsement is a special indorsement because it identified the person, i.e., Flagstar Bank, to whom the indorsement made the note payable.

{¶ 32} The second, undated indorsement was signed by two individuals and stated:

PAY TO THE ORDER OF
WITHOUT RECOURSE
FLAGSTAR BANK, FSB

(Ex. A-1, Afford Aff.) Because this second indorsement did not identify the person to whom it made the note payable, it is a blank indorsement. Once Flagstar Bank indorsed the note in blank, the note became payable to bearer. R.C. 1303.25(B). The holder of a note payable to bearer is the person who possesses the note. R.C. 1301.01(T)(21)(a). Afford testified that Nationstar possesses Payne's note. Thus, between the note and Afford's affidavit testimony, Nationstar presented sufficient evidence to prove that it is the holder of Payne's note. *See Wells Fargo Bank, N.A. v. Odita*, 10th Dist. No. 13AP-663, 2014-Ohio-2540, ¶ 10 (because the note at issue was indorsed in blank, the bank could establish its status as holder of the note by proving that it was in possession of the note); *JPMorgan Chase Bank, N.A. v. Fallon*, 4th Dist. No. 13CA3, 2014-Ohio-525, ¶ 14 (same); *Pasqualone*, 10th Dist. No. 13AP-87, 2013-Ohio-5795, at ¶ 33 (same). As holder of Payne's note, Nationstar is the person entitled to enforce that note upon Payne's default. Consequently, we overrule Payne's third, fifth, and sixth assignments of error.

{¶ 33} By his eighth assignment of error, Payne argues that Nationstar cannot rely on the assignment of the mortgage to establish itself as holder of the note. The assumption underlying Payne's argument is wrong; Nationstar does not premise its status as holder of Payne's note on the mortgage assignment. As we just explained above, Nationstar qualifies as the holder of Payne's note because the note is endorsed in blank and Nationstar has possession of it. Accordingly, we overrule Payne's eighth assignment of error.

{¶ 34} By his eleventh and twelfth assignments of error, Payne argues that Mortgage Electronic Registration System, Inc. ("MERS") lacked the authority to assign Payne's mortgage to Nationstar. We disagree.

{¶ 35} The mortgage that secures Payne's note names MERS as mortgagee and explains that "MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns." (Ex. A-2 at 1, Afford Aff.) The mortgage identifies Global Equity Lending as "Lender." By executing the mortgage, Payne "mortgage[d], grant[ed] and convey[ed] to MERS (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS" the property located at 2860 Barrows Road. *Id.* at 3. Payne also agreed that MERS had the right to exercise any of the legal interests granted by Payne to MERS in the mortgage.

{¶ 36} MERS recorded the mortgage with the Franklin County Recorder on January 24, 2005. Over nine years later, on November 28, 2014, MERS, in its capacity as nominee for Global Equity Lending, executed an assignment of the mortgage to Nationstar. Nationstar recorded the assignment on December 1, 2014.

{¶ 37} Under well-settled Ohio law, MERS has the authority to assign a mortgage when that mortgage designates MERS as both nominee and mortgagee. *Bank of New York Mellon v. Argo*, 5th Dist. No. 14CA59, 2015-Ohio-268, ¶ 19; *Wells Fargo Bank, N.A. v. Geiser*, 12th Dist. No. CA2013-06-103, 2014-Ohio-3379, ¶ 16; *BAC Home Loans Servicing, L.P. v. Haas*, 3d Dist. No. 9-13-40, 2014-Ohio-438, ¶ 28. Here, because MERS fulfilled the dual roles of nominee and mortgagee, it had the authority to assign Payne's mortgage to Nationstar. Accordingly, we overrule Payne's eleventh and twelfth assignments of error.

{¶ 38} By his fourth, seventh, and tenth assignments of error, Payne argues that the trial court erred in granting Nationstar summary judgment because Nationstar lacked standing to pursue its action against him. We disagree.

{¶ 39} "[T]he fundamental requirement of standing is that the party bringing the action must have a personal stake in the outcome of the controversy, i.e., that it must be the injured party." *Deutsche Bank Natl. Trust Co. v. Holden*, 147 Ohio St.3d 85, 2016-Ohio-4603, ¶ 32. Standing is a jurisdictional requirement; a party's lack of standing vitiates the party's ability to invoke the jurisdiction of a court over the party's action. *Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, ¶ 22. However, a party's lack of standing deprives a court of jurisdiction over a particular case, not subject-matter jurisdiction. *Id.* Subject-matter jurisdiction is the power of a court to hear a particular

class of cases. *Id.* at ¶ 19. A court's jurisdiction over a particular case refers to the court's authority to proceed or rule on a specific case that is within the court's subject-matter jurisdiction. *Id.* Any error in the exercise of jurisdiction over a particular case causes a judgment to be voidable rather than void. *Id.*; *In re J.J.*, 111 Ohio St.3d 205, 2006-Ohio-5484, ¶ 15. Additionally, when an opposing party fails to timely raise a challenge to a court's jurisdiction over a particular case, that alleged error is waived and not preserved for appeal. *Id.*

{¶ 40} In the case at bar, Payne failed to file any timely response to Nationstar's motion for summary judgment, so, consequently, he did not timely assert the lack of standing as a basis for denying Nationstar summary judgment. Normally, Payne's failure to timely assert the lack of standing would result in waiver of the argument on appeal. Payne, however, did assert that Nationstar lacked standing in his answer to the amended complaint, and he moved for dismissal on that basis.[3] Therefore, we will consider Payne's standing argument on appeal.

{¶ 41} Typically, a foreclosure action consists of a legal action to collect on the defaulted note together with an equitable action to force a sale of the mortgaged property. *Holden* at ¶ 5. In such an action, "[t]he person entitled to enforce the note pursuant to R.C. 1303.31 has standing to seek a personal judgment against the promisor on that obligation, while the mortgagee or its successor and assign has standing to foreclose on the mortgage." *Id.* at ¶ 35. The plaintiff must possess the requisite stake in the action on the date that it files the action. *Federal Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, ¶ 24-25.

{¶ 42} Here, as we discussed above, Nationstar established itself as the person entitled to enforce Payne's note because the note is endorsed in blank and Nationstar possesses it. In addition to testifying to Nationstar's current possession of the note, Afford also stated in her affidavit that "Nationstar had physical possession of the original Note at the time the Complaint was filed." (Afford Aff. at ¶ 6.) Given this testimony, Nationstar was the person entitled to enforce Payne's note at the time it filed the complaint, and thus, it had standing to seek a legal judgment on the note.

---

[3] The trial court never ruled on this motion. The trial court likely overlooked the motion because Payne incorporated it into his answer instead of filing it as a separate document.

{¶ 43} Payne's mortgage names MERS, acting solely as nominee for Global Equity Lending, as the mortgagee. On November 28, 2014, MERS assigned Nationstar the mortgage, which made Nationstar the holder of the mortgage when Nationstar filed its foreclosure action on December 23, 2014. Nationstar, therefore, proved its standing to seek an equitable judgment for foreclosure of the mortgage.

{¶ 44} In sum, Nationstar had standing to invoke the jurisdiction of the trial court because it possessed the necessary interest in the note and mortgage on the date it filed its complaint. Accordingly, we overrule Payne's fourth, seventh, and tenth assignments of error.

{¶ 45} By his twenty-third assignment of error, Payne argues that he should receive his attorney fees if he prevails on this appeal. Because Payne has not prevailed on this appeal, the twenty-third assignment of error is moot, and thus, we will not rule on it.

{¶ 46} For the foregoing reasons, we overrule Payne's first through twenty-second assignments of error. Our ruling on those assignments of error moots the twenty-third assignment of error. We deny Payne's motion to strike, and we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed;*
*motion denied.*

TYACK, P.J., and SADLER, J., concur.